UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

STAVROULA KORONIS,

        Plaintiff,

                                                                  Civil Case No.:

                                                                   **COMPLAINT**

        -against-

TDC RESTAURANT CORP. d/b/a Greek City,
THEODORE CHRISTAKIS and JAMES CHRISTAKIS,

        Defendant.

_____

Plaintiff, STAVROULA KORONIS, as and for her Complaint, by her attorneys BLAU LEONARD LAW GROUP, LLC alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29U.S.C. § 201 et. seq. ("FLSA") in connection with Defendant, TDC RESTAURANT CORP's ("TDC") violation of its statutory obligations to pay Plaintiff for all unpaid overtime compensation, as a nonexempt employee, for work in excess of 40 hours per week, at a rate of 1.5 times her regular rate of pay, pursuant to 29 U.S.C. §207 (a).

2. Plaintiff also makes the same claims under New Jersey's Wage and Hour Laws. ("NJWHL").

1

3. Plaintiff is seeking wages for all unpaid minimum wage and overtime compensation; an equal amount of liquidated damages and prejudgment interest, reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., a federal statute. As to claims under New Jersey State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and TDC is subject to personal jurisdiction in this District.

## THE PARTIES

6. TDC is a domestic corporation created and existing under and by virtue of the laws of the State of New Jersey, with principal offices and headquarters located at 1300 State Rt. 17, Ramsey, New Jersey 07446.

7. Defendant, THEODORE CHRISTAKIS, is a resident of New Jersey.

8. Defendant, JAMES CHRISTAKIS, is a resident of New Jersey.

9. At all relevant times, THEODORE CHRISTAKIS was a principal owner, shareholder and officer of TDC.

10. At all relevant times, JAMES CHRISTAKIS was a principal owner, shareholder and officer of TDC.

11. Plaintiff, STAVROULA KORONIS, ("EMPLOYEE") is a resident of New Jersey.

## FACTUAL ALLEGATIONS

12.     TDC is in the business of owning, maintaining, controlling and operating a restaurant located at 1300 State Rt. 17, Ramsey, New Jeresy 07446.

13.     TDC prepares and offers food and beverage for human consumption at its premises to the public.

14.     TDC is an enterprise engaged in commerce or in the production of goods for commerce, because, inter alia, it has employees that handle goods and materials that have been produced for and moved in commerce.

15.     TDC's annual gross volume of business exceeds $500,000.00.

16.     TDC employed Plaintiff ("EMPLOYEE") as a food server, from May 29, 2018 to June 22, 2019.

17.     At all times material and relevant herein, TDC was the employer of EMPLOYEE within the meaning of 29 U.S.C. §§201 et. seq.

18.     At all relevant times, EMPLOYEE was an employee of TDC within the meaning of NJWHL and the supporting New Jersey State Department of Labor regulations.

19      At all relevant times, TDC possessed the authority and power to hire or terminate EMPLOYEE.

20.     At all relevant times, TDC possessed the authority and power to control EMPLOYEE's work schedule and conditions of her employment.

21.     At all relevant times, TDC possessed the authority and power to determine the rate and method of the payment of wages to EMPLOYEE.

22.     At all relevant times, TDC possessed the authority and power to determine that EMPLOYEE was not exempt from overtime compensation.

23. At all relevant times, TDC possessed the authority and power to determine if its overtime policy applied to the EMPLOYEE.

24. At all relevant times, TDC kept and/or had unrestricted access to records regarding the employment of EMPLOYEE.

25. Upon information and belief, THEODORE CHRISTAKIS and JAMES CHRISTAKIS exercised sufficient control of TDC's day-to-day operations to be considered as employers of Plaintiff.

26. In addition to possessing the authority and powers herein above described in paragraphs 19-24, THEODORE CHRISTAKIS and JAMES CHRISTAKIS had the power to hire and fire all of TDC's employees and all TDC managers and employees reported directly to them.

27. At all relevant times, THEODORE CHRISTAKIS and JAMES CHRISTAKIS, were actively involved in managing TDC's day-to-day operations including managing payroll, hiring and firing employees and overseeing finances of the business. Both ordered food and supplies, inspected the restaurant and interacted with customers.

28. At all relevant times, THEODORE CHRISTAKIS and JAMES CHRISTAKIS were joint employers of Plaintiff pursuant to 29 CFR 791.2.

29. At all relevant times, THEODORE CHRISTAKIS and JAMES CHRISTAKIS were joint employers of Plaintiff pursuant to the provisions of the NJWHL and common law.

30. Defendants, as joint employers, will hereinafter be collectively referred to as "TDC."

**TIP CREDIT**

31. Most, if not all income earned by Plaintiff by virtue of her employment with TDC, was derived exclusively from cash and credit card tips.

32. TDC did not establish, maintain, and preserve records, including a daily log of the tips collected by each employee, on each shift, whether in cash or by credit card.

33. TDC did not include an accurate and verifiable breakdown between the tips and the wages on Plaintiff s wage statements.

34. TDC was not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C. 203 (m) and NJWHL because TDC misappropriated portions of Plaintiff's tips, in violation of the NJWHL.

35. TDC was not entitled to reduce the minimum wage by applying the tip credit allowance that is available pursuant to NJWHL, because TDC did not pay Plaintiff prevailing wage under NJWHL.

**MINIMUM WAGE AND OVERTIME COMPENSATION**

36. During her employment, EMPLOYEE was required by TDC and did regularly work in excess of 40 hours per week.

37. During her employment, EMPLOYEE was required by TDC and did regularly work at least 50 hours per week. Some weeks EMPLOYEE worked more than 50 hours.

38. During her employment, EMPLOYEE worked six (6) days per week.

39. During the applicable statutory period, TDC purportedly took a tip credit and paid EMPLOYEE an hourly wage of $2.25.

40. During each week of employment, TDC failed to pay EMPLOYEE minimum wage.

41. Each week, TDC issued a check to EMPLOYEE in an amount "VOID."

42. Each week, TDC issued a check to EMPLOYEE stating that she worked 40 hours and made $780.00 in tips.

43. During each week of employment, the stated hours of employment and tips earned on EMPLOYEE's pay stub were inaccurate falsifications and fabrications generated by TDC.

44. Each week, TDC issued a check to EMPLOYEE showing state and federal withholdings.

45.     TDC failed to properly take required state and federal withholdings or make FICA contributions on behalf of EMPLOYEE.

46.     TDC failed to pay EMPLOYEE overtime compensation for any hours in the workweek in excess of forty

47.     For example, during the week of August 6-11, 2018, EMPLOYEE worked 55 hours and made $948 in tips.

48.     For the week of August 6-11, 2018, EMPLOYEE should have received minimum wage of 40 X $8.44= $ 337.60.

49.     For the week of August 6-11, 2018, EMPLOYEE's regular rate of pay was $337.60 plus $948 [tips] divided by 55 hours = $23.37 per hour. The overtime rate was $23.37 X 1.5 = $35.06.

50.     For the week of August 6-11, 2018, EMPLOYEE should have received overtime compensation of 15 hours X $35.06 = $525.92.

51.     For the week of August 6-11, 2018, TDC failed to pay EMPLOYEE any overtime compensation, for hours in excess of 40.

52.     Upon information and belief, TDC never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where EMPLOYEE worked, in violation of 29 C.F.R. §516.4.

53.     At all times material and relevant herein, TDC failed to keep full and accurate records of EMPLOYEE's hours and wages, in violation of 29 C.F.R. §§ 516.5, and NJWHL.

54.     TDC's wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New Jersey Department of Labor, or any \administrative practice or enforcement policy of such departments.

55. TDC's violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

56. TDC's failure to pay EMPLOYEE minimum wage and overtime compensation, in violation of federal and state law, has been willful and was not the result of a good faith contest or dispute.

## FIRST CLAIM FOR RELIEF (FLSA)

57. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

58. TDC failed to accurately record all of the time worked by EMPLOYEE.

59. TDC failed to compensate EMPLOYEE for all hours in a work week in excess of forty (40).

60. TDC failed to compensate EMPLOYEE at a rate of 1.5 times her regular rate of pay, for all hours in a work week in excess of 40.

61. TDC'S overtime practices, as described herein, violated the FLSA.

62. TDC's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of these unlawful acts, TDC has deprived EMPLOYEE of overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF (NJWHL)

64. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

65. TDC failed to pay Employee prevailing New Jersey minimum wage during her employment.

66. TDC failed to compensate EMPLOYEE for all hours in a work week in excess of forty (40).

67. TDC failed to compensate EMPLOYEE at a rate of 1.5 times her regular rate of pay, for all hours in a work week in excess of 40.

68. TDC's minimum wage practices, as described herein, violated NJWHL.

69. TDC's overtime wage practices, as described herein, violated NJWHL.

70. TDC's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

71. By reason of these unlawful acts, TDC has deprived EMPLOYEE of prevailing minimum wages and overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NJWHL.

## THIRD CLAIM FOR RELIEF (NJWHL)

72. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

73. TDC failed to maintain required records containing Plaintiff's total hours worked each day and each workweek, earnings, including the regular hourly wage, gross to net amounts with itemized deductions, and the basis on which wages are paid. [NJ Admin. Code 12:56-4.1].

74. TDC failed to maintain and preserve payroll or other records containing the total gratuities received by each employee, including Plaintiff, during the payroll week.

75. By reason of these unlawful acts, TDC is liable to Plaintiff for all monetary and non-monetary relief provided by NJWHL, together costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and damages as follows:

(a) A declaration that TDC's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq. and attendant regulations at 29 C.F.R. § 516, et.seq.;

(b)     A declaration that TDC's practices alleged herein violate NJWHL and New Jersey State common law principles.

(c)     Judgment for unpaid overtime compensation to which Plaintiff is lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq., and attendant regulations at 29 C.F.R. § 516 et.seq.;

(d)     Judgment for unpaid minimum wages to which Plaintiff is lawfully entitled pursuant NJWHL and New Jersey State common law principles;

(e)     Judgment for unpaid overtime compensation to which Plaintiff is lawfully entitled pursuant NJWHL and New Jersey State common law principles;

(f)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and attendant regulations at 29 C.F.R. §516 et.seq., in an amount equal to the unpaid wages and overtime pay to which Plaintiff was lawfully entitled, but which were intentionally and wrongfully withheld by TDC.

(g)     Judgment for all damages pursuant to NJWHL, to which Plaintiff is entitled.

(h)     Prejudgment interest.

(i)     An order directing TDC to pay Plaintiff her reasonable attorney's fees and all costs connected with this action.

(j)     Such other and further relief as this Court may deem just and proper.

Dated: July 16, 2019

                                        BLAU LEONARD LAW GROUP, LLC

                                        By: _____
                                               Shelly A. Leonard
                                        111 Town Square Place, Suite 400
                                        Jersey City, New Jersey 07310
                                        (201) 212-6363 Phone
                                        (631) 458-1011 Fax
                                        sleonard@blauleonardlaw.com

                                        *Attorneys for Plaintiff*